UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN THE MATTER OF AN APPLICATION                MEMORANDUM
OF THE UNITED STATES OF AMERICA                AND ORDER
FOR AN ORDER AUTHORIZING THE
USE OF A PEN REGISTER AND A                    15-MC-1890 (JO)
TRAP AND TRACE DEVICE.
------------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

In a sealed application dated October 5, 2015, the government seeks an order authorizing the installation and use of a pen register and a trap and trace device (a "pen-trap device") to monitor the dialing, routing, addressing, and signaling information of a target device that is physically located outside of the United States, with the monitoring to be accomplished from a facility within the United States. Because the statute on which the government relies empowers the court to authorize "the installation and use of a pen register or trap and trace device anywhere within the United States," 18 U.S.C. § 3123(a)(1), I write briefly to explain my reason for granting the application.

The government attorney who applied for the order has acknowledged, in response to my inquiry, that no published decision directly addresses whether a court may authorize the requested monitoring under the circumstances presented here. However, the applicant cites to the following decisions as providing useful guidance: *United States v. Rodriguez*, 968 F.2d 130, 135 (2d Cir. 1992) (interpreting a previous version of the same statute, which permitted a court to authorize "the installation and use of a pen register ... within the jurisdiction of the Court," to empower a judge in the Southern District of New York to authorize the installation and use of a pen register in Manhattan to monitor a telephone located in New Jersey); *United States v. Buford*, 755 F. Supp. 607, 611 (S.D.N.Y. 1991) (holding that a magistrate judge properly ordered the installation and use of a pen register in Manhattan to monitor telephones located in other districts); *United States v. Cano-Flores*, 796 F.3d 83, 86 (D.C. Cir. 2015) (holding that a district court in Texas, acting under a statutory provision authorizing

the "interception of ... communications within the territorial jurisdiction of the court in which the judge is sitting," 18 U.S.C. § 2518(3), had jurisdiction to authorize interceptions from a listening post in Texas communications over targeted devices located in Mexico).

I agree that the reasoning of those cases applies with equal force here, and that the pertinent statue is properly read to allow the installation and use of a pen-trap device in the United States to monitor the communications of a device in a foreign country. I also agree with a tacit but necessary premise of the government's motion: namely, that even though there is no actual instrument that will be physically attached to the targeted communication device to accomplish the monitoring at issue, the commencement of a process at the domestic facility that will accomplish the requested monitoring remotely constitutes the "installation and use of a pen register or trap and trace device" for purposes of the statute regulating the use of pen-trap devices.[1] Accordingly, because the government's application does not seek the impermissible extraterritorial installation of use of a pen-trap device, and because the application satisfies all of the pertinent statutory requirements, I grant the application.

SO ORDERED.

Dated: Brooklyn, New York
October 5, 2015

/s/
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] *Cf. In re Application of U.S. for an Order for Disclosure of Telecommunications Records & Authorizing the Use of a Pen Register & Trap & Trace*, 405 F. Supp. 2d 435, 446 n.6 (S.D.N.Y. 2005) (raising the possibility that using a combination of the pen-trap statute and the Stored Communications Act, 18 U.S.C. § 2703(d), to obtain location information for a targeted telephone would not constitute the "installation" of a tracking device because no such instrument would be physically "installed").